**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5024

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL LAMAR GREGORY,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District
Judge.  (7:06-cr-000397-HMH)

Submitted:  May 23, 2007                Decided:  July 10, 2007

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Reginald I. Lloyd, United States
Attorney, Columbia, South Carolina, Elizabeth Jean Howard, OFFICE
OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Lamar Gregory appeals his conviction and sentence to seventy-seven months in prison and three years of supervised release after pleading guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Gregory's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether the district court complied with Fed. R. Crim. P. 11 in taking Gregory's guilty plea, and whether the district court plainly erred in sentencing him to seventy-seven months in prison. The Government has not filed an answering brief. Gregory was advised of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Appellate counsel first questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Gregory's guilty plea, but he alleges no error by the district court and concludes the court fully complied with the rule. Since Gregory did not move in the district court to withdraw his guilty plea, we review any challenge to the adequacy of the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We have reviewed the record and find no plain error in the district court's acceptance of Gregory's guilty plea.

Appellate counsel next questions whether the district court plainly erred in sentencing Gregory, but he alleges no error by the district court and concludes Gregory's sentence at the low end of a properly calculated sentencing range is not unreasonable. We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). A sentence may be unreasonable for both substantive and procedural reasons. United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). An error of law or fact can render a sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

In sentencing a defendant, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C. § 3553(a) (2000); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting the sentence, especially a sentence outside the range. Id. at 455-56. A sentence within a properly calculated range is presumptively reasonable. Id. at 457. In considering whether the sentence is unreasonable, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). Issues that are not raised in the district court are reviewed for plain error. Hughes, 401 F.3d at 547.

- 3 -

We have reviewed the record and conclude Gregory's sentence is reasonable. The district court determined his base offense level was twenty. See U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(4)(A) (2004). The court applied a four-level enhancement under USSG § 2K2.1(b)(5) for possessing the firearm in connection with another felony offense, and a three-level reduction for acceptance of responsibility. With a total offense level of twenty-one and criminal history category VI, Gregory's advisory guideline range was 77 to 96 months. Neither party objected to the district court's calculations, and Gregory's counsel requested that he be sentenced at the lower end of his guideline range. In sentencing Gregory to seventy-seven months, the district court considered the guidelines as advisory and the factors under 18 U.S.C. § 3553(a), and reasonably determined a sentence within the guideline range was appropriate in this case.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

- 4 -

representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>